345 So.2d 1315 (1977)
George G. MANSELL
v.
Herman GROSS, Administrator of Estate of Hugh M. Allen, Deceased.
No. 49373.
Supreme Court of Mississippi.
May 18, 1977.
Robert N. Brooks, Carthage, for appellant.
Harold W. Davidson, Carthage, for appellee.
*1316 Before GILLESPIE, ROBERTSON and LEE, JJ.
LEE, Justice, for the Court:
George G. Mansell appeals from a decree entered in the Chancery Court of Leake County holding that a fiduciary relationship existed between Mansell and Hugh M. Allen, and cancelling a deed of conveyance executed by Allen in favor of Mansell.
Mansell contends that (1) the court erred in holding that the burden was on appellant to show that grantor executed the deed of his own independent consent and action, since the burden of proof of mental incapacity was incumbent upon appellee, and (2) the finding of the court was against the overwhelming weight of evidence in that there was nothing to show the grantor was incompetent on the date of the execution of the deed.
The deed in question was executed January 5, 1974, by Hugh M. Allen, covering eleven and two-thirds (11 2/3) acres of land with an appraised value of twenty-three thousand dollars ($23,000). At the time, Allen was ninety-four (94) years of age and had been a patient in the hospital for approximately three (3) months. He suffered from a urinary tract infection, an ear infection, arthritis, dehydration, arteriosclerosis, and was unable to walk and to feed himself. He was administered shots, and various medicines were prescribed for him. One physician testified that at times Allen was competent and at times he was incompetent, but he would not give an opinion as to Allen's competency on the deed date. Another physician testified that Allen was not competent to transact business during his entire stay in the hospital, and he had recommended that a guardian be appointed for him. Appellant and his own attorney testified that on the deed date Allen knew what he was doing.
Allen was unmarried, his beneficiaries consisting of nine (9) nephews and nieces. Mansell was one of the nephews. During Allen's stay in the hospital, Mansell remained with him every other night, and attended his needs, he looked after and cultivated the land in question, he had previously driven Allen places in an automobile, and it was commonly known that Mansell was a "favorite" of Allen. Mansell testified that, although Allen declined to sell a part of the land to Mansell's daughter just prior to entering the hospital, he told Mansell that he wanted him to have the land. Mansell went to his own attorney, retained him to prepare a deed, the attorney brought the deed to the hospital, Allen signed same with an almost illegible handwriting, the attorney acknowledged the deed, and Mansell filed same for record without advising any member of the family about the transaction. Allen's personal attorney was not consulted, nor did Allen receive any independent counsel or advice from any other person.
The chancellor found that Allen was suffering from both physical and mental weaknesses as a result of his advanced age and infirmities, that grantor reposed confidence in Mansell and relied upon him in personal and business matters, and that a confidential and fiduciary relationship existed between them.
This Court held that a fiduciary relationship existed in In Re Estate of Bilello, 317 So.2d 916 (Miss. 1975), and stated the following:
"In finding that there was a confidential or fiduciary relationship between the testatrix and her sister Lelia in the present case, the chancellor had before him substantial testimony showing that their relationship was more than sibling consanguinity. Evidence established that the testatrix visited Lelia almost every morning and frequently visited her again in the afternoon. The evidence supported the chancellor's finding that the testatrix was `an alcoholic and was weak in mind and body' when the will was drawn.
* * * * * *
As the chancellor recognized, the relationship between the testatrix and Lelia was not a conventional fiduciary relationship in a strict sense but, as stated in Ham v. Ham, 146 Miss. 161, 173, 110 So. *1317 583, 584 (1926) quoting 2 Pomeroy, Equity Jurisprudence (4th ed.) § 956:
`It is settled by an overwhelming weight of authority that the principle extends to every possible case in which a fiduciary relation exists as a fact, in which there is confidence reposed on one side, and the resulting superiority and influence on the other. The relation and duties involved in it need not be legal, it may be moral, social, domestic, or merely personal.'" 317 So.2d at 918-919.
See also Jones v. Singley, 242 So.2d 430 (Miss. 1970) and Croft v. Adler, 237 Miss. 713, 115 So.2d 683 (1959).
We are unable to say that the chancellor's finding of a fiduciary relationship was against the overwhelming weight of the evidence or was manifestly wrong. The fact that Allen may have had a close relationship or fiduciary relationship with other members of his family did not preclude such a relationship with the appellant.
Since there was a fiduciary relationship, a presumption arose that the deed executed by Allen to Mansell was invalid and the burden of overcoming the presumption was upon Mansell.
In Ham v. Ham, 146 Miss. 161, 110 So. 583 (1926), the rule, followed in subsequent cases, was stated as follows:
"When such a relation exists, and the parties thereto 
`consciously and intentionally deal and negotiate with each other, each knowingly taking a part in the transaction, and there results from their dealing some conveyance or contract or gift, * * * the principle literally and directly applies. The transaction is not necessarily voidable, it may be valid, but a presumption of its invalidity arises which can only be overcome, if at all, by clear evidence of good faith, of full knowledge, and of independent consent and action.' 2 Pomeroy Equity Jurisprudence (4th Ed.) § 957.
The burden of overcoming this presumption is on the party claiming under the conveyance, contract, or gift. Meek v. Perry, 36 Miss. 190; Hitt v. Terry, 92 Miss. [671] 710, 46 So. 829." 146 Miss. at 173. 110 So. at 584-585.
We are of the opinion that the chancellor was not manifestly wrong in holding the appellant failed to meet the burden of proving that Allen was free from undue influence and that he had the mental capacity to execute the deed on January 5, 1974.
The judgment of the lower court, therefore, is affirmed.
AFFIRMED.
GILLESPIE, C.J., PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.